# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### FEBRUARY TERM, 1864.

---

WILLIAM D. GIVEANS *vs.* WILLIAM McMURTRY and others.

1. A party who comes into a court of equity for relief against a judgment or other security, on the ground of usury, will only be relieved upon paying what is really due upon such security.

2. Where a party, as security for money loaned, has taken an assignment of a pre-existing judgment against the borrower, and, as a further security for the same debt, has also taken a bond and mortgage; a decree of this court declaring the bond and mortgage usurious and void, will not avail the debtor in a bill for relief to have the judgment declared satisfied of record, the assignment being untainted with usury.

3. The evidence of a co-defendant is not rendered incompetent by the fact that no order was made for his examination. Since the act of 1859, (*Nix. Dig.* 928, § 34,) removing the disqualification of interest in a witness, as a party or otherwise, no order for his examination is necessary.

4. Nor is it any objection to the competency of a co-defendant to testify, that he has not answered the bill, but has suffered a decree *pro confesso* against him. The complainant may, at his discretion, require him to answer. But if he do not, the defendant, by failing to answer, cannot deprive his co-defendant of his testimony, or disqualify himself as a witness in the cause.

---

*McCarter,* for complainant.

Two points are made by the original bill.

Giveans *v.* McMurtry et al.

1. That the judgments are kept on foot after being paid, without the consent of the defendant in execution.

2. That they were taken as security for an usurious debt.

The answer of McMurtry denies that the judgments were satisfied, and alleges that they were taken as security for the debt for which the mortgage was given, but not as collateral to the mortgage.

The supplemental bill sets up that the bond and mortgage were, by a decree of this court, adjudged null and void, and claims the benefit of such proceedings.

Neither original nor supplemental bill rests the complainant's claim to relief on the ground of usury. That fact is stated, but the decree is not prayed on that ground. The evidence shows that in fact, the claim of the plaintiff in execution was satisfied in full; that the mortgage was given before the assignment was made; and that the judgments ought to have been satisfied of record. No assignment was agreed for, or intended.

If the judgments were assigned in pursuance of the understanding of the parties, it was a mere collateral security to the mortgage. That security has been pronounced null and void.

*J. Whitehead,* for defendant.

The complainant's whole claim rests upon a charge of usury in the mortgage debt, and on the ground that the assignment was made without the complainant's knowledge or consent.

The consent of the defendant in execution was not necessary to a valid assignment of the judgment.

1. Did McMurtry obtain the assignment in good faith, as security for money advanced?

No fraud is charged. The facts, that the money was obtained from McMurtry, that it was paid directly to the plaintiff in execution, and that the judgment was assigned as a security for the money so advanced, are clearly established by the evidence.

2. The assignment of the judgments was taken as the primary security for the money so advanced.

·· There was no search for encumbrances upon the property, prior to the date of the mortgage. If, therefore, the mortgage is usurious, the assignment of the judgment is in no wise tainted with the usury.

A prior existing debt, untainted with usury, is not affected by the existence of usury in any subsequent contract. *Gray* v. *Fowler*, 1 *H. Black.* 463 ; *Pearsall* v. *Kingsland*, 3 *Edw. Ch. R.* 195 ; *Bush* v. *Livingston*, 2 *Caines' Cases in Error*, 66 ; *Donnington* v. *Meeker*, 3 *Stockt.* 362.

The complainant, who asks equity, must do equity before relief will be granted. *Fanning* v. *Dunham*, 5 *Johns. Ch. R.* 122 ; *Morgan* v. *Schermerhorn*, 1 *Paige* 544 ; *Reeves* v. *Cooper*, 1 *Beas.* 223, 498 ; *Miller* v. *Ford*, *Saxton* 361 ; *Fitzroy* v. *Gwillim*, 1 *Durnf. & East* 153.

THE CHANCELLOR. In the year 1855, a judgment at law and a decree in equity were recovered against the complainant, Giveans, amounting to over $3200, upon which executions were issued and placed in the hands of the sheriff of Sussex. On the twenty-fifth of February, 1856, the complainant procured of the defendant, McMurtry, through the agency of David Ryerson, the sum of $3000, which, together with the balance over that amount, due on the judgments, were paid to the respective plaintiffs, and the sheriff's execution fees were satisfied. On the same day a bond and mortgage for $3000, payable in three years, were given by Giveans to McMurtry, and by assignments of even date, the judgments ·were assigned to him. In October, 1858, the real estate of the defendant in execution was advertised for sale by the sheriff, at the instance of McMurtry, who claimed to be the assignee of the judgments, in order to obtain satisfaction of the sum of $3000 advanced by him. Giveans thereupon filed his bill in this court, alleging that McMurtry claimed ·to hold by assignment, the judgments as collateral security for the payment of the bond and mortgage ; that no such as-

signments had been made, or if made, they were without the consent and against the will of the complainant; and that the judgments were paid and satisfied in full by the defendant in execution. The bill also charges, that if the judgments and executions were assigned to McMurtry, the property levied on could not be sold until the mortgage became due. It also alleges that the loan was made at a usurious rate of interest, being in reality the money, not of McMurtry but of Ryerson, who had charged and received $300 for making the loan.

The bill prays that the judgments may be satisfied of record, and that the assignments, if any exist, may be delivered up to be cancelled.

The defendant, McMurtry, by his answer, claims that the loan was made, and the money advanced by him, at the instance of Ryerson, who acted on behalf of Giveans, upon the security as well of the judgments as of the bond and mortgage; that the amount due upon the judgments and executions was paid, not by Giveans, but by McMurtry, directly to the plaintiffs in execution; and that the judgments and executions were never satisfied, nor intended so to be, but were assigned by the plaintiffs in execution to McMurtry, in pursuance of an agreement with Giveans, as security for the loan of $3000 made to him by McMurtry.

That the judgments and executions were assigned to McMurtry is fully established. The deeds of assignment executed by the plaintiffs, are produced in evidence, and their formal execution proved by the subscribing witnesses. No fraud or circumvention is alleged or shown in the procurement of these assignments. The allegation of the bill is that the judgments were paid and satisfied in full by the complainant, and that the assignments were made without his consent and against his will. The substance of the allegation is, that the loan by McMurtry was made upon the security of the bond and mortgage alone, and that the judgments were in fact satisfied, and ought to have been cancelled.

The only evidence in support of this allegation is that of the complainant himself, who testifies that he heard nothing of the assignments, and never agreed to them; that the loan, in fact, was made solely upon the security of the bond and mortgage. On the other hand, Mr. Ryerson, by whose agency the loan was procured, testifies that McMurtry was to have as security for his money, an assignment of the judgments, and a mortgage from the Messrs. Giveans. They both agreed to give him the security. The circumstances attending the transaction, strongly corroborate the testimony of Mr. Ryerson. The $3000 loaned by McMurtry was not paid to Giveans, nor were the judgments paid by him. He paid the sheriff's fees, and reduced the amount due on the judgments to $3000. That sum was paid by Ryerson for McMurtry, into the hands of the attorney of the plaintiffs in execution, upon the express stipulation that the judgments should be assigned to McMurtry. Mr. Thompson, the attorney, testifies that Mr. Ryerson and the Messrs. Giveans came together to his office, and stated that the judgments were to be assigned to McMurtry. The assignments were then drawn, and in a few days returned executed. The judgments were assigned as security for the money. They were arranged to be assigned, and the assignments were drawn at the same time the mortgage was executed. The assignments bear even date with the bond and mortgage. Giveans was present when Ryerson stated that the judgments were to be assigned, and when the stipulation to procure the asssignment was executed. The attorney of the plaintiffs in execution, neither drew nor acknowledged the mortgage. The only pretence for the parties going to his office, must have been to ensure the assignment of the judgments. The money was paid into his hands upon his stipulating to have the assignments executed by his clients. This was before the bond and mortgage were executed. The evidence is plenary that the assignments were made, and the judgments were to be kept alive as security for the money advanced by McMurtry.

Another ground of relief suggested in the original bill is, that the loan from McMurtry to Giveans was usurious.

After the commencement of the suit, a bill was filed for the foreclosure of the bond and mortgage, which were given cotemporaneously with the assignments of the judgments to secure the loan. Giveans, by his answer, set up usury in the mortgage as a defence to the bill. The mortgage was decreed to be usurious, and the bill was dismissed. The complainant thereupon filed a supplemental bill in this cause, setting up that decree as ground of relief in this cause.

Irrespective of the decree in the foreclosure suit, it is clear that the complainant is not entitled to relief against the judgments on the ground of usury. A complainant who comes to a court of equity for relief against a judgment or other security on the ground of usury, will not be relieved, unless upon the equitable terms of paying what is really due to the defendant. *Taylor* v. *Bell*, 2 *Vern.* 171; *Scott* v. *Nesbit*, 2 *Bro. Ch. C.* 641; *Henkle* v. *Royal Exchange Ass. Co.*, 1 *Vesey, sen.* 320; *Fanning* v. *Dunham*, 5 *Johns. Ch. R.* 122; *Miller* v. *Ford*, *Saxton* 364; *Ware* v. *Thompson's Adm'rs*, 2 *Beas.* 67.

The equity cases, says Chancellor Kent, speak one uniform language, and I do not know of a case in which relief has ever been afforded to a plaintiff seeking relief against usury, by bill, upon any other terms.

In 1856, the complainant's property being about to be sold under executions, McMurtry advanced $3000 for the relief of the complainant, and took an assignment of the judgments and executions, as a security for the repayment of the loan. The complainant has since held and enjoyed his property without the return of any portion of the principal or interest. The judgments remain unsatisfied. If this court restrain the defendant from proceeding at law on the ground of usury, it will only be upon the complainants paying the amount of principal and interest *bona fide* due to McMurtry. That is all that he claims to recover. He is entitled to have from the complainants the sum advanced,

2 R *

with interest. If the case stood upon the original bill and answer, there would be no room to question the application of the principle, and that the complainant could have no relief.

The case is in no wise altered by the fact, that the contract for the loan of the money has, by a decree of this court, been pronounced usurious, and the mortgage given as security, declared void. Nor can the complainant escape the application of the principle, by a general allegation that the court, by its decree, pronounced the contract void, without disclosing by his pleading that the decree was made solely upon the ground of usury. It appears by the decree that the loan was pronounced usurious, and the mortgage security therefore void.

The decree has, in fact, no reference whatever to the charge of usury set up in the present bill. That charge is utterly disproved by the evidence. The decree declaring that the bond and mortgage are usurious, upon one ground, cannot establish the fact of usury against the judgments, on another and different ground. It is not pretended that these judgments are usurious. They are admitted to have been valid and subsisting judgments. The complainant's ground of complaint is, that they were paid and satisfied. That charge has been disproved. They were duly assigned for their full value, by the plaintiffs in the judgments, to McMurtry, the defendant. They are security only for the amount actually advanced by McMurtry, and remaining due on the judgments, with legal interest. No usurious interest has been, or can be, recovered upon them. The assignee of the judgments seeks to enforce them, not by virtue of any usurious contract made with Giveans, the defendant in execution, but by virtue of a contract with the plaintiffs.

So far as this case is concerned, the fact of usury is not established. But admitting the usury to have been fully proved, the complainant, in equity, is bound to pay the principal and interest really and *bona fide* due upon the judgment. Having made no such offer, he is entitled to no

relief at the hands of this court. A party asking equity must do equity.

The evidence of a co-defendant is not rendered incompetent by the fact that no order was made for his examination. When witnesses were disqualified on the ground of interest, a defendant having either no interest in the event of the suit, or not being interested in the whole of the matters embraced in the suit, might have been examined as to those matters in which he had no interest. This was done by order of the court. 2 *Daniell's Ch. Pr.* 1036, 1038, 1042.

But since the act of 1859 has removed the disqualification of interest in the witness, as a party or otherwise, no order for his examination has been deemed necessary. The same practice was adopted under the act of 1855, though the rule of July 1st, 1858, required that if the plaintiff or petitioner desired to avail himself of the benefit of the second section of that act, he should be examined before any other witness should be examined in the cause, and within twenty days after issue joined.

Nor is it any objection to the competency of a co-defendant to testify, that he has not answered the bill, but has suffered a decree *pro confesso* against him. The complainant may, at his discretion, require him to answer. But if he do not, the defendant, by failing to answer, cannot deprive his co-defendant of his testimony, or disqualify himself as a witness in the cause.

The bill must be dismissed.